THE PEOPLE OF THE STATE OF NEW YORK ex rel. WHITSON OAKLEY and GEORGE W. OAKLEY, as Executors, etc., Appellants, *v.* NATHAN D. PETTY, as District Attorney and Acting Surrogate, and JAMES H. TUTHILL, Receiver, Respondents.

| 32h | 448 |
| 66 AD²234 |
| 32h | 443 |
| 73 AD¹344 |
| 73 AD¹345 |

*District attorney — when he may act as surrogate — how the disability of the surrogate and county judge may be established — writ of prohibition — only the jurisdiction of the inferior court may be inquired into — Code of Civil Procedure, secs. 2484, 2485.*

James H. Tuthill, the surrogate of the county of Suffolk, having recovered a judgment, as receiver, against the executors of Solomon Oakley, deceased, applied to the district attorney of the county for a citation compelling them to appear before him as the acting surrogate and account. The county judge of the county of Suffolk was one of the defendants in the judgment recovered against the executors. Upon the petition were certificates signed by the surrogate and the county judge, respectively, setting forth these facts and that they

were thereby incapacitated from acting as surrogate in the matter. The citation having been issued and served, and a warrant to attach the executors for failing to appear having been placed in the hands of the sheriff, a writ of prohibition restraining further proceedings was procured.

*Held*, that the only question to be considered was whether or not the district attorney was properly acting as surrogate.

That the question as to whether or not the receiver was a creditor within the meaning of section 2726 of the Code of Civil Procedure, or as to whether the papers had been properly served, could not be considered.

That the disability of the surrogate and the county judge to act, was proved by their certificates.

That sections 2484 and 2485 of the Code of Civil Procedure authorizing the district attorney to act as surrogate in case of the disability or incapacity of the surrogate and county judge are constitutional and valid.

Appeal from an order made at a Special Term denying a motion for a writ of prohibition

The affidavits on which the alternative writ was granted show that on the 12th day of October, 1883, the relator, Whitson Oakley, was arrested at the city of New York and George W. Oakley at the city of Brooklyn, by a deputy sheriff of Suffolk county, under an attachment signed Nathan D. Petty, district attorney, acting as surrogate; which attachment was directed to the sheriff of Suffolk county, and directed him to take the relators and bring them before him at Riverhead on the 29th of October, 1883, to answer for certain contempts for not complying with a certain citation, and in failing to comply with an order entered on the return of said citation, directing the relators to render an account as executors and file it, and to personally be and appear before the said Petty, at Riverhead, on the 24th day of September, 1883.

*Benjamin G. Hitchings*, for the appellants.

*T. M. Griffing*, for the respondents.

Barnard, P. J.:

A writ of prohibition is only proper when an inferior court has no jurisdiction either of the subject-matter, or having that, when the court exceeds its jurisdiction in respect thereto. The relators are executors of the estate of Solomon Oakley, deceased. James H. Tuthill, as receiver, has a judgment against them as such executors. James H. Tuthill is surrogate of Suffolk county; Thomas Young is county

judge and he is a defendant in the action in which the judgment was recovered against the relators. Each of these officers certify to their disability, and the district attorney acted upon the petition of James H. Tuthill, receiver, as creditor of relators as executors, and issued a citation to them to account. They disobeyed the citation, and the district attorney, acting as surrogate, issued an attachment against them. There is really but one question presented, and that is the question of the jurisdiction of the officers, for if it was a properly constituted court, the court had jurisdiction of the subject-matter, and whether the receiver was a creditor within the meaning of the statute (Code, § 2726), would fall among questions to be determined by appeal and not by the writ of prohibition. So, likewise, the sufficiency of the service of the papers would not be the subject of review by this writ. Was there sufficient proof of authority for the district attorney to act, and was it within the power of the legislature to provide that a district attorney could, in any case, act as surrogate, are therefore the questions to be considered. It is provided by section 2487 of the Code of Civil Procedure, that when a surrogate is " precluded from acting in a particular matter," that fact may be proved by the surrogate's certificate thereof. The proof of authority, from the General Term, of the defendant, required under section 2484, is only needed when the office of surrogate is vacant or the surrogate is disabled by reason of " sickness, absence or lunacy." The certificate of the surrogate, who was the petitioner, is proof of disability. By section 2484 the officers are designated, in order of priority, who shall discharge the duties of the office until the vacancy is filled or the disability ceases. By section 2485 the same officers are designated to "exercise his jurisdiction and power with respect to that matter," when a surrogate is disqualified from acting with respect to any particular matter. These proceedings being in Suffolk county there are only three persons capable of acting. The surrogate was interested ; the county judge was by force of chapter 151, Laws of 1879, and section 2485 of the Code, acting surrogate. The surrogate could not certify except for himself. The acting surrogate was vested with the power in the particular matter. His certificate of disqualification was likewise proof of disability. He was a defendant in the judgment which the surrogate was attempting to collect. In the absence of other proof he could not be a juror

with an interest as co-defendant with one of the parties. It is of no importance whether the certificate disclosed a good reason for disqualification. The creditor was not bound to make an issue with the surrogate or the county judge. The legislature had power to make the district attorney in special cases acting surrogate. The clause providing for a special surrogate does not prohibit the appointment of a court or persons who shall in specified cases of disability perform the duty of the surrogate. It is a matter of necessity. A surrogate and special surrogate may both be related or interested in a particular matter. A designation of the district attorney as a person to perform the duty in the particular case is not prohibited either by the present or by any former constitution. He has stood upon the statute book of the State as an alternate surrogate for over fifty years (chap. 320, Laws of 1830, § 21), and has constantly acted whenever the exigency happened which rendered it necessary. The order refusing writ of prohibition should be affirmed, with fifty dollars costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Order refusing writ of prohibition affirmed, with fifty dollars costs.